DMB:GADZ:cfs:pak

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )  CRIMINAL NO.
                         )  1: CR-95-163
         v.              )
                         )
ROBERTA RONIQUE BELL     )

INDICTMENT

FILED
HARRISBURG, PA
JUN 27 1995
MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

Introduction

At all times pertinent to this indictment:

1. Doreen Proctor was an informant for the Tri-County Drug Task Force.

2. The Tri-County Drug Task Force operated in Cumberland, Dauphin and Franklin Counties, Pennsylvania, all within the Middle District of Pennsylvania.

3. The Tri-County Drug Task Force was composed of local, state and federal criminal investigators who focus on the investigation of drug trafficking offenses, developing prosecutable cases for state and federal courts.

4. Doreen Proctor worked as an informant for the Tri-County Drug Task Force and developed evidence against several individuals, including David James Tyler. Doreen Proctor testified

1

against unindicted coconspirator David James Tyler at preliminary hearings.

      5.   The trials of David James Tyler was scheduled to commence in the Court of Common Pleas for Cumberland County on April 21, 1992.

      6.   During on or about the early morning hours of April 21, 1992, Doreen Proctor died as the result of gun shot wounds to the head and chest after having been kidnapped and severely beaten.

**THE GRAND JURY CHARGES THAT:**

## COUNT I

1. The grand jury hereby incorporates by reference as though fully set forth herein the Introduction portion of this Indictment.

### CONSPIRACY AND ITS OBJECTS

2. From on or about January, 1992 and continuing thereafter until on or about June, 1992 in Cumberland and Adams Counties, Pennsylvania, and within the Middle District of Pennsylvania and elsewhere, the defendant,

**ROBERTA RONIQUE BELL,**

knowingly and willfully did conspire, combine, confederate and agree together with each other, and with unindicted coconspirators David Tyler, Willie Tyler, Jerome King, David King and Mary Jane Hodge and with other persons, both known and unknown to the grand jury, to commit offenses against the United States, that is:

> (a) to intimidate, threaten and kill Doreen Proctor in order to influence, delay and prevent her attendance and testimony at a official proceeding and to prevent the communication by Doreen Proctor to a law enforcement officer of the United States of information relating to the commission of a federal offense. In violation of Title 18, United States Code, Section 1512; and
>
> (b) to travel and cause another to travel in interstate commerce with the intent that a murder be committed in violation of Title 18, United States Code, Section 1958.

3

## MANNER AND MEANS OF THE CONSPIRACY

1. It was a part of the conspiracy that the coconspirators would take steps to prevent Doreen Proctor from testifying against David Tyler by use of threats, intimidation, assault, kidnapping and murder.

2. It was further a part of the conspiracy that the coconspirators would use defendant **ROBERTA RONIQUE BELL** to entice the victim Doreen Proctor from her apartment by means of false requests for assistance and by the offer of illicit drugs.

3. It was further a part of the conspiracy that the coconspirators would acquire a firearm to be used against the victim Doreen Proctor.

4. It was further a part of the conspiracy that the coconspirators would take the victim, Doreen Proctor, to a secluded place to threaten, intimidate, assault and murder her.

5. It was further a part of the conspiracy that unindicted coconspirators David King and Mary Jane Hodge, would remain at an apartment in telephonic contact with defendant and the coconspirators, who were traveling with Doreen Proctor, in order to pass messages and coordinate movements.

6. It was further a part of the conspiracy that the defendant and unindicted coconspirators would attempt to obstruct the investigation into the murder of Doreen Proctor by, among other

4

things, destroying evidence, washing the car in which the victim Doreen Proctor traveled, intimidating witnesses, lying to police, using false alibies, using disinformation to deflect and misdirect investigators, and by using voodoo curses, charms and talismans against investigators and for the conspirators' own protection from prosecution.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendants and other persons, known and unknown to the grand jury, did commit and cause to be committed the following overt acts, among others, in the Middle District of Pennsylvania and elsewhere:

1. On or about April, 1992, **ROBERTA RONIQUE BELL** and unindicted coconspirator David Tyler travelled to Rockford, Illinois to meet with unindicted coconspirator Jerome King.

2. On or about April, 1992, unindicted coconspirator, Jerome King, traveled with defendant **ROBERTA RONIQUE BELL** and unindicted coconspirator David Tyler from Rockford, IL to Carlisle, Pennsylvania for the purpose of intimidating and murdering Doreen Proctor in order to keep her from testifying against unindicted coconspirator David Tyler.

5. Between on or about April 13, 1992, to on or about April 14, 1992, unindicted coconspirator Jerome King and, unindicted coconspirator David Tyler and others, unsuccessfully attempted to kidnap Doreen Proctor as she walked home from work.

6.  On or about April 20, 1992, defendant **ROBERTA RONIQUE BELL,** unsuccessfully attempted to entice Doreen Proctor out of her apartment with a false request for assistance.

7.  During on or about April 20, 1992, unindicted coconspirator David Tyler met with unindicted coconspirator Jerome "Butch" Evans.

9.  On or about April 20, 1992, unindicted coconspirator Willie Tyler and unindicted coconspirator David Tyler practiced cocking and firing the sawed-off shotgun.

10. On or about April 20, 1992, unindicted coconspirator David King and unindicted coconspirator Jerome King and David Tyler discussed murdering Doreen Proctor while at unindicted coconspirator Mary Jane Hodge's apartment.

11. On or about April 20, 1992, unindicted coconspirator David Tyler acquired cocaine subsequently used to entice Doreen Proctor out of her apartment.

12. On or about April 20, 1992, unindicted coconspirators Willie Tyler, David King, Jerome King and defendant **ROBERTA RONIQUE BELL** and unindicted coconspirators David Tyler and Mary Jane Hodge met at Mary Jane Hodge's apartment where the murder was discussed.

13. On or about April 20, 1992, the defendant, **ROBERTA RONIQUE BELL** enticed Doreen Proctor out of her apartment and into a car occupied by unindicted coconspirator Jerome King and provided by David Tyler.

6

14. On or about April 20, 1992, the car carrying Doreen Proctor was accompanied by a car carrying unindicted coconspirators Willie Tyler and David Tyler.

15. Between April 20, 1992 and April 21, 1992, unindicted coconspirator David King, present in the apartment of unindicted coconspirator Mary Jane Hodge's apartment, assisted unindicted coconspirators Willie Tyler, Jerome King, David Tyler and defendant **ROBERTA RONIQUE BELL**, by telephone after they left to take Doreen Proctor to a secluded area.

16. Between April 20, 1992 and April 21, 1992, unindicted coconspirator David Tyler called unindicted coconspirator Mary Jane Hodge from a pay phone in Biglerville, Pennsylvania and left a message for defendant **ROBERTA RONIQUE BELL**, who was in the car carrying Doreen Proctor.

17. Between on or about April 20, 1992 and April 21, 1992, the defendant, **ROBERTA RONIQUE BELL** called unindicted co-conspirators Mary Jane Hodge and David King from a car telephone to determine the whereabouts of unindicted coconspirators David Tyler and Willie Tyler and to reestablish contact with them. The telephonic contact was reestablished by unindicted coconspirators Mary Jane Hodge and David King.

18. On or about April 21, 1992, Doreen Proctor died of gunshot wounds to the head and chest.

19. On or about April 21, 1992, unindicted coconspirators David King and Jerome King, washed the car in which Doreen Proctor had been transported to her death.

20. On or about late April or early May 1992, the defendant, **ROBERTA RONIQUE BELL**, and unindicted coconspirators Willie Tyler and David Tyler, discussed the murder of Doreen Proctor.

21. On or about April 21, 1992, the defendant **ROBERTA RONIQUE BELL** washed her blood-stained clothing.

22. On or about May, 1992, the defendant **ROBERTA RONIQUE BELL**, and unindicted coconspirators Willie Tyler and David Tyler met to discuss the investigation into the murder of Doreen Proctor.

23. On or about May 1992, the defendant, **ROBERTA RONIQUE BELL** traveled to Jamaica to get "roots", which was a talisman or charm of the voodoo religion, for protection from prosecution.

24. On or about May 1992, the defendant, **ROBERTA RONIQUE BELL** caused an envelope with the names of investigators and the prosecutor to be mailed to a voodoo priest in Jamaica.

25. On or about May 1992, the defendant, **ROBERTA RONIQUE BELL** traveled from Carlisle, Pennsylvania to Philadelphia to fly to Jamaica.

26. On or about May, 1992, the defendant, **ROBERTA RONIQUE BELL** sent a message to unindicted coconspirator David Tyler that she and her uncles, unindicted coconspirators David King and Jerome King, had gotten their stories together and knew what to say. Defendant **BELL** advised unindicted coconspirator David Tyler of the nature of the alibi which they were going to use.

27. During on or about 1992 and 1993, various individuals were threatened with death and the death of their

family members by coconspirators if they cooperated with law enforcement authorities.

The grand jury hereby incorporates by reference each of the succeeding counts of the indictment. Each count constitutes a separate overt act in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT II

1. The grand jury hereby incorporates by reference, as though fully set forth herein, each of the allegations contained in the Introduction portion and in Count I of this Indictment.

2. On or about April, 1992, in Cumberland County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant,

**ROBERTA RONIQUE BELL,**

did travel and cause others to travel in interstate commerce to Rockford in the State of Illinois from Cumberland and Adams Counties in the Commonwealth of Pennsylvania and did return and cause others to return to the Middle District of Pennsylvania with intent that the murder of Doreen Proctor be committed in violation of the laws of Pennsylvania as consideration for the receipt of, and as a consideration for a promise and agreement to pay, things of pecuniary value, to wit: United States Currency and cocaine, a Schedule II Narcotic Controlled Substance.

All in violation of Title 18, United States Code, Sections 1958 and 2.

**THE GRAND JURY FURTHER CHARGES THAT:**

<u>COUNT III</u>

1. The grand jury hereby incorporates by reference as though fully set forth herein, each of the allegations contained in the Introduction portion and in Count I of this Indictment.

2. On or about April 21, 1992, in Adams County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant,

**ROBERTA RONIQUE BELL,**

did kill and did aid and abet the killing of Doreen Proctor by using the manner and means set forth in Count I of this Indictment.

3. The defendants knowingly engaged in the aforesaid conduct with the intent to:

> a. To prevent the attendance of Doreen Proctor and the giving of testimony by Doreen Proctor at the trial of David King in the Court of Common Pleas for Cumberland County, Pennsylvania; and
>
> b. Influence, delay and prevent the testimony of Doreen Proctor in the trials of David Tyler in the Court of Common Pleas for Cumberland County, Pennsylvania; and
>
> c. Withhold testimony from the Court of Common Pleas in Cumberland County in the trial of David Tyler; and
>
> d. Cause Doreen Proctor to be absent from the trial of David Tyler in the Court of Common Pleas for Cumberland County; and
>
> e. Hinder, delay and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, namely, the distribution and possession with intent to distribute cocaine, a Schedule II Narcotic Controlled Substance.

11

All in violation of Title 18, United States Code, Section 1512(a)(1)(A) and (C) and Section 2.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT IV

1.  The grand jury hereby incorporates by reference as though fully set forth herein, each of the allegations set forth in the Introduction portion and in Count I of this Indictment.

2.  On or about April 21, 1992, in Adams County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant,

**ROBERTA RONIQUE BELL,**

did intimidate, use physical force against, threaten, attempt to intimidate, attempt to use physical force against, attempt to threaten and engage in misleading conduct toward Doreen Proctor by performing the acts set forth in the manner and means portion of Count I of this Indictment and did aid and abet the same.

3.  The defendants knowingly engaged in the aforesaid conduct with the intent to:

> a. Prevent the attendance of Doreen Proctor and the giving of testimony by Doreen Proctor at the trial of David King in the Court of Common Pleas for Cumberland County, Pennsylvania; and
>
> b. Influence, delay and prevent the testimony of Doreen Proctor in the trials of David Tyler in the Court of Common Pleas for Cumberland County, Pennsylvania; and
>
> c. Withhold testimony from the Court of Common Pleas in Cumberland County in the trial of David Tyler; and
>
> d. Cause Doreen Proctor to be absent from the trial of David Tyler in the Court of Common Pleas for Cumberland County; and
>
> e. Hinder, delay and prevent the communication to a law enforcement officer of the United States of

information relating to the commission or possible commission of a federal offense, namely, the distribution of and possession with intent to distribute cocaine, a Schedule II Narcotic Controlled Substance.

All in violation of Title 18, United States Code, Section 2 and Sections 1512(b)(1), (2) and (3).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT V

1. The grand jury hereby incorporates by reference as though fully set forth herein, each of the allegations set forth in the Introduction portion and in Count I of this Indictment.

2. On or about April 21, 1992 in Adams County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant,

ROBERTA RONIQUE BELL,

knowingly used and carried and caused to be used and carried a firearm, that is, a sawed-off shotgun, during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, that is, murder for hire and obstruction of justice in violation of 18 U.S.C. §§ 1958, 1503 and 1512.

All in violation of of Title 18, United States Code, Sections 924(c)(1) and 2.

A TRUE BILL

_____
FOREPERSON

27 JUNE 95
_____
DATE

_____
DAVID M. BARASCH
UNITED STATES ATTORNEY

PER 18 U.S.C. 3170                                                                    AO 257

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION — IN U.S. DISTRICT COURT**

BY: [ ] COMPLAINT  [ ] INFORMATION  [X] INDICTMENT

Name of District Court, and/or Judge/Magistrate Location (City)

MIDDLE DISTRICT OF PENNSYLVANIA

---

**OFFENSE CHARGED**

Murder For Hire
Obstruction of Justice
Conspiracy

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

County of Offense: Cumberland & Adams

U.S.C. Citation:
18 USC § 371
18 USC § 1958
18 USC § 1503
18 USC § 1512(a)(1)(A), (2), & (C)
18 USC § 1512(b)(1), (2), (3)

---

**DEFENDANT — U.S. vs.**

Roberta Ronique Bell

Address: 132 W. MIddle St.
Gettysburg, PA  17325

Birth Date: 9-4-71
[X] Male  [ ] Female  [ ] Alien (if applicable)

Soc. Sec. #: 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

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI - Patrick Kelly

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. Att'y  [ ] Defense

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

Name and Office of Person Furnishing Information on THIS FORM: Gordon A.D. Zubrod
[X] U.S. Att'y  [ ] Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): Gordon A.D. Zubrod

---

**DEFENDANT**

IS *NOT* IN CUSTODY
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

IS IN CUSTODY
4) [ ] On this charge
5) [ ] On another conviction
6) [ ] Awaiting trial on other charges
[ ] Fed'l  [ ] State
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No
If "Yes" give date filed  Mo. / Day / Year

DATE OF ARREST

Or... if Arresting Agency & Warrant were not Federal

DATE TRANSFERRED TO U.S. CUSTODY  Mo. / Day / Year

[ ] This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

Defendant's Attorney
Name, Address & Phone #:

RELATED CASE(S):
JUDGE _____
DOCKET NUMBER(S) _____
SIGNATURE OF ASST U.S. ATTY: H. Zubrod
DATE: 5/12/95

1:CR-95-163
J. Caldwell