IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
    Plaintiff
                                      :

    vs.                                :  CRIMINAL NO. 1:CR-95-163
                                          CIVIL ACTION NO. 1:CV-98-1879
                                      :
ROBERTA RONIQUE BELL,
    Defendant                         :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    The defendant has filed a pro se motion under 28 U.S.C. § 2255 to vacate her sentence. Under section 2255, we can deny the motion without requiring a response from the government if the record conclusively shows that the defendant is not entitled to relief. This standard is satisfied here, and we will deny the motion without further proceedings.

    The defendant was found guilty, among other charges, of conspiracy to murder a witness in violation of 18 U.S.C. § 371 and § 1512(a)(1)(A). She received a life sentence. The Third Circuit denied her direct appeal, see United States v. Bell, 113 F.3d 1345 (3d Cir. 1997), and on November 17, 1997, the Supreme Court denied her petition for a writ of certiorari. See 118 S.Ct. 447, 139 L.Ed.2d 383.

FILED HARRISBURG, PA FEB -1 1999 MARY E. D'ANDREA, CLERK Per ___ Deputy Clerk

Certified from the record Date 2-1-99 Per ___ Clerk

AO 72A (Rev.8/82)

The 2255 motion raises the following conclusional grounds for relief (brackets added):

>   1. Ineffective assistance of counsel: "[Trial counsel] showed a total lack of devotion to defendant's interests, he had very little contact with the defendant, he failed to send an investigator, and he failed to request a continuance when, due to the weather, we were told that there was a shortage of jurors. (Please see attachment)"
>
>   2. Double jeopardy: "The Constitution states that a person shall not be twice put in jeopardy of life of limb (sic) for for (sic) the same offense."
>
>   3. Due Process: "Trooper Graham tampered with evidence and manufactured notes containing incriminating evidence against the defendant. He misled the court."
>
>   4. Vindictive Prosecution: "I was reprosecuted because the lead investigator was angry about having to take the stand at my first trial as my rebuttal witness, therefore rebutting his whole case against me."

On December 8, 1998, we granted defendant 30 days to file the attachment referred to in her first argument and a supporting brief. She filed the attachment but failed to file a brief. Her 2255 motion is ready for disposition.

A section 2255 motion is a collateral attack on a final criminal judgment. See United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). It is not a substitute for an appeal, Government of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985), nor can it be used to relitigate

AO 72A
(Rev.8/82)

matters decided adversely in prior federal proceedings. See United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).

Further, a defendant cannot rely on conclusional assertions in a 2255 motion. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991)(habeas petitioner must allege facts that, if proven, would entitle him to relief); United States v. Popoola, 881 F.2d 811 (9th Cir. 1989)(a 28 U.S.C. § 2255 petition must aver specific facts in support of relief), overruled on other grounds, Lazada v. Deeds, 964 F.2d 956 (9th Cir. 1992); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987)(bald assertions and conclusory allegations are insufficient in a habeas petition by a state prisoner under 28 U.S.C. § 2254 and "notice pleading is not countenanced in habeas petitions").

Based on the foregoing standards, the first and third grounds for relief can be dismissed because they are conclusory. The attachment does not assist her because it is no more specific than the motion. In regard to the claim of ineffective assistance of counsel, we also note that the defendant does not assert how her case was prejudiced by her counsel's ineffectiveness. See Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992).

We reject the second ground for relief because the double jeopardy argument has already been decided adversely to the defendant in the original criminal proceedings by this court and the Third Circuit.

We reject the fourth ground for relief because the defendant does not aver why she could not have presented it in her

3

AO 72A
(Rev.8/82)

original criminal proceedings. As noted, a 2255 motion is not a substitute for an appeal. Further, we consider the specific reason alleged for the supposed vindictive prosecution as merely a variation on the vindictive-prosecution claim already rejected in the original criminal proceedings by this court and the Third Circuit.

Accordingly, this 1st day of February, 1999, upon consideration of the defendant's motion under 28 U.S.C. § 2255, it is ordered that:

    1. The motion is denied.

    2. A certificate of appealability is denied.

                                    William W. Caldwell
                                    United States District Judge

AO 72A (Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:95-cr-00163    USA v. Bell

True and correct copies of the attached were mailed by the clerk to the following:

Gordon Alan Daniel Zubrod, Esq.
U.S. Attorney's Office
Room 217, Federal Building
228 Walnut St.
Harrisburg, PA  17108

Roberta Ronique Bell
08116-067
501 Capital Circle, N.E.
Tallahassee, FL  32301

cc:
Judge                           (✓)
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (✓)
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen ( )    PA Atty Gen ( )
                                         DA of County ( )   Respondents ( )
Bankruptcy Court                ( )
Other  Civil Dkts               (✓)

MARY E. D'ANDREA, Clerk

DATE:  2-1-99            BY: _____
                             Deputy Clerk